## WEISHUHN v. MATEJOWSKY et al.

### No. 4196.

Court of Civil Appeals of Texas. El Paso.

June 11, 1942.

Rehearing Denied Oct. 1, 1942.

Moss & Moss, of LaGrange, for appellant.

John C. Marburger and Geo. L. Kroll, both of LaGrange, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Fayette County. R. C. Weishuhn, appellant here, sued appellees, C. and P. Matejowsky, in trespass to try title to recover the title to and posses-sion of a certain 126½-acre tract of land in Fayette County. The petition accurately describes the land. Appellees answered disclaiming as to all but two parts of the land described in the petition; each of said tracts being accurately described in the answer, one containing 17.5 acres, the other 1⅓ acres. As to these two tracts appellees plead not guilty and, further, the three, five, ten and twenty-five year statutes of limitation. Appellant filed supplemental petition in which it is set up that appellees were the heirs of W. Matejowsky, who was a remote grantor of appellant, and were bound by the warranty contained in the deed of their said ancestor. Further, for substantially the same reason, the title claimed by appellant was not barred by limitation; that the claim of appellant to title was a warranty deed from W. Matejowsky, the father of appellees, to Ottilie Kruze, dated April 16, 1891, and a deed from Ottilie Kruze, joined by her husband, to appellant dated January 5, 1925. The trial was to the court without a jury. Judgment was rendered in favor of appellant on the disclaimers, but in favor of appellees for the two tracts as to which the title was in issue. This appeal has been duly perfected.

On motion of appellant the court filed findings of fact and conclusions of law. These findings are most carefully drawn and evidence on the part of the trial court an accurate, comprehensive and careful consideration of the issues involved. On account of their length same are not set forth, although admirable in their clarity.

The claim of record title of the appellant was as follows: On the 16th day of April, 1891, W. Matejowsky, the father of appellees, deeded to his daughter, Ottilie Kruze, the land sued for by appellant; on January 5, 1925, Ottilie Kruze, joined by her husband, Louis Kruze, deeded this same property to appellant; each of these conveyances contained a general warranty. The tracts in controversy are included in the description in the deed.

Appellees are two of the twelve children of W. Matejowsky. Ottilie Kruze, the common grantor of appellant and appellees, is a sister of appellees. W. Matejowsky died intestate December, 1905. At the time of his death he owned 421 acres of land in Fayette County. He left surviving him his wife, Christiana, and twelve children. There was no administration taken out on his estate. On July 9, 1907, Mrs. Mate-

jowsky, joined by ten of the twelve children, among whom was Ottilie Kruze, executed and delivered to appellees a deed purporting to convey to them two tracts of land consisting of a 71-acre tract and a 200-acre tract. The 17.5-acre tract in controversy is included in the description in the deed of the 71-acre tract.

It will be noted that as to this 17.5-acre tract in controversy both appellant and appellees claim that the deed in 1891 by W. Matejowsky conveyed the title to Ottilie Kruze. In fact she is the common source of title. The question as to the record title narrows itself as to whether appellant or appellees have the superior title from this common source.

Appellees' conveyance was dated in 1907, and that of appellant in 1925. If the conveyance to appellees conveyed the title of Ottilie, Kruze, there is no question but that they have the superior title.

Appellant in his brief asserts that the deed in question was a mere partition deed between tenants in common and hence conveyed no title, but merely localized the title of the respective tenants. But appellees were tenants in common with the grantors as to only a portion of the land described in the conveyance to them dated July 29, 1907. The 17.5 acres here in controversy was not part of the estate of W. Matejowsky at the time of his death. It is true, all the other property purported to be conveyed by that deed was the common property of Mrs. Matejowsky and her twelve children, two of whom were appellees. This deed, aside from the fact that all of the property described was not common property, was not a partition deed. It purports to be a conveyance of the estate held by the grantors to the grantees for a valuable consideration. It evidenced, in part at least, a sale of their interest by some of the cotenants to others. But even in this respect does not purport to partition the land.

■ In our opinion before Ottilie Kruze executed the deed to appellant she had conveyed her title to appellees. Peterman v. Harborth, Tex.Com.App., 300 S.W. 33.

This conveyance had been duly recorded, and appellees had been in peaceable and adverse possession of the land for almost twenty years.

■ Appellees' claim to the 1⅓-acre tract must be sustained, if at all, on the theory of limitation. The record title is vested in appellant. In reference to this tract the court found as follows: "19. That the defendants have, since July 29, 1907, had the 1-1/3 acres of land (HIJK on the foregoing map) under fence, and since said time have had actual, exclusive, peaceable, open, adverse and continuous possession of all of said 1-1/3 acres, and claiming, cultivating, using and enjoying it exclusively as their own."

This finding is assailed by appellant, although he fails to point out wherein the evidence is insufficient.

We deem the evidence amply sufficient to sustain the finding.

■ The covenant of general warranty in the deed of their father covering this land does not estop appellees from claiming this land by limitation. No part of this 1⅓ acres was ever claimed by appellees as heirs of their father. The 126½-acre tract of which it was a part he had deeded away long prior to his death.

The evidence is likewise ample to sustain the finding of a peaceable and adverse possession of the 17.5-acre tract, as to which we have held that appellees held the legal title.

There is no error in the case, and the judgment is affirmed.

WALTHALL, J., not participating.